UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

MARC BLACK,

    Plaintiff,

  v.

TROY STAFFORD, an individual, PATRICK WILLIAMS, an individual, WS SEAFOOD INVESTMENT LIMITED LIABILITY CORPORATION, et al.,

    Defendants.

NO. CIV. S-10-567 FCD/KJN

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on defendants Troy Stafford, Patrick Williams and WS Seafood Investment LLC's ("defendants") motion to set aside the entry of default entered against them.[1] Defendants move for relief arguing good cause exists to set aside the default entered June 14, 2011 (Docket #36) because: (1) defendants believed the parties were still engaged in settlement

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 230(g).

efforts at the time plaintiff Marc Black ("plaintiff") filed his requests for entry of default; (2) defendants have meritorious defenses to the action; and (3) plaintiff will not be prejudiced if the default is set aside.  Plaintiff opposes the motion.

For the reasons set forth below, defendants' motion is GRANTED.  This case does not present the extreme circumstances where the drastic step of default is warranted.

**BACKGROUND**

On March 10, 2010, plaintiff filed the instant action against defendants.  From that time until at least April 2011, the parties engaged in settlement discussions.  (See generally Gallagher Decl. [Docket #38-2], filed Aug. 8, 2011.)  Those discussions included participation in the court's Voluntary Dispute Resolution Program ("VDRP").  At various times, the parties nearly reached an agreement, exchanging drafts of settlement agreements on various occasions.  (Id. at ¶s 2, 5, 7.)

However, in August 2010, during the VDRP process, the parties' settlement discussions were complicated when plaintiff filed an amended complaint adding several new defendants, who defendants' previous counsel did not present. (Id. at ¶s 5-9, 11.)  Those newly added defendants were not promptly served, and the parties settlement discussions stalled.

In a March 2011 declaration filed with the court regarding the case status, plaintiff indicated that the additional defendants had not been served due to the ongoing settlement negotiations with defendants.  Plaintiff also indicated that he had not demanded a response to the complaint from defendants due to the settlement negotiations.  (Docket #29.)  Plaintiff stated

2

1  he intended to move forward with service on the new defendants
2  unless a mutually agreeable settlement agreement was signed by
3  April 4, 2011.  (Id.)

4  An agreement was not signed by April 4, and after that date,
5  defendants' previous counsel attests that it was unclear to him
6  whether plaintiff ever served the new defendants.  (Gallagher
7  Decl, ¶ 11.)  Counsel states that because he never heard from
8  plaintiff's counsel after April 4, he did not believe defendants
9  had a deadline to respond to the amended complaint.  From his
10 perspective, until he saw plaintiff's requests for default,
11 defendants' counsel believed the settlement was stalled because
12 of the unknown status of the unserved defendants.  (Id. at ¶s 11-
13 13.)

14 Plaintiff filed requests for default against defendants on
15 Friday, June 10, 2011 at approximately 6:15 p.m.  (Id. at ¶ 14.)
16 Defendants' then-counsel became aware of the filing over the
17 weekend, and on Monday morning, June 13, he informed defendants
18 of plaintiff's requests.  Counsel states that this was the first
19 time it became apparent to him and defendants that the parties'
20 settlement discussions were over such that it was necessary for
21 defendants to respond to plaintiff's amended complaint.  (Id. at
22 ¶ 15; Stafford Decl. [Docket #38-3], filed Aug. 2, 2011.)

23 On June 13, defendants discussed with their attorney their
24 need to retain more affordable local counsel, as well as their
25 intent to move to dismiss the complaint.  In the midst of these
26 discussions, on Tuesday, June 14, 2011, the Clerk entered
27 default.  (Docket #36.)

28

1    Following the entry of default, defendants began to look for
2 new representation.  They obtained new counsel on July 26, 2011.
3 (Fischer Decl. [Docket #38-5], filed Aug. 2, 2011.)  That counsel
4 contacted plaintiff's counsel on July 28 to determine whether
5 plaintiff would stipulate to setting aside the clerk's default;
6 defendants offered to respond to plaintiff's complaint within ten
7 days.  (Id. at ¶ 2.)  When plaintiff's counsel refused,
8 defendants' new counsel immediately prepared the instant motion,
9 filing and serving the motion on August 2, 2011 and noticing the
10 hearing for the first available date of September 2, 2011.  (Id.)

**STANDARD**

12    It is well established in the Ninth Circuit that "judgment
13 by default is a drastic step appropriate only in extreme
14 circumstances; a case should, whenever possible, be determined on
15 the merits."  Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984);
16 see also J&J Sports Prods. v. Gidha, 2011 U.S. Dist. LEXIS 86209,
17 *5 (E.D. Cal. Aug. 3, 2011) (recognizing that the Ninth Circuit's
18 "distaste for default judgment cannot be overstated" and as such
19 "courts are directed to be solicitous towards movants and deny a
20 motion to set aside default only where extreme circumstances
21 exist").  Because of the preference for deciding cases on their
22 merits, a motion for relief from default entries must be viewed
23 liberally, and all doubts resolved in favor of the party seeking
24 relief.  Freezor v. Central Valley OSR, Inc., 2011 U.S. Dist.
25 LEXIS 79558, *3 (E.D. Cal. July 21, 2011).  This is particularly
26 true where, as here, a clerk enters default pursuant to Federal
27 Rule of Civil Procedure 55(a), as opposed to default judgment
28 under Rule 55(b).  Mendoza v. Wight Vineyard Management, 783 F.2d

4

941 945 (9th Cir. 1986) (noting that a district court's discretion is "especially broad" where entry of default rather than default judgment is being set aside). It is under this liberal standard--a standard this is "solicitous towards movants"--that the question of whether good cause exists must be answered.

Pursuant to Rule 55(c), entry of default may be set aside for "good cause" shown. The Ninth Circuit considers three factors in determining whether good cause exists: (1) whether the party's culpable conduct led to the default; (2) whether the party has a meritorious defense; and (3) whether reopening the case would prejudice the opposing party. TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2001).

**ANALYSIS**

As to the first factor, a party engages in "culpable conduct" when it is shown the party "intentionally failed to answer." Id. at 697. A party "intentionally" fails to answer where such failure was willful, deliberate or in bad faith. Id. To the contrary, a party's negligent failure to respond, particularly where such failure is accompanied with a good faith explanation for the delay, does not constitute culpable conduct. United States v. Mesle, 615 F.3d 1085, 1092 (9th Cir. 2010) (reversing district court's decision denying the defendant's motion to set aside default judgment because "simple carelessness is not sufficient to treat a negligent failure to reply as inexcusable, at least without a demonstration that other equitable factors such as prejudice, weigh heavily in favor of denial of the motion); Bateman v. U.S. Postal Serv., 231 F.3d

1220, 1225 (9th Cir. 2000) (even though reasons for failing to timely respond were weak, the delay was not the result of "deviousness or willfulness" and thus, culpable conduct did not cause delay); Falk, 783 F.2d at 461-64 (declining to find five month delay in moving to set aside default culpable in light of the defendant's difficulty in obtaining assistance from legal services).

Here, there is no evidence that defendants intentionally failed to respond to plaintiff's amended complaint. Defendants' counsel explains that they believed in good faith that the parties' settlements efforts were ongoing, and thus, defendants had no reason to believe plaintiff would move for default when he did. While the parties' settlement efforts had stalled, defendants reasonably believed that they would resume once plaintiff served all named defendants. Moreover, contrary to plaintiff's suggestion, nothing put defendants on notice of plaintiff's intent to seek default. Following April 4, 2011, plaintiff's counsel did not communicate that intent to defendants' then-counsel. Indeed, there appears to have been no communication whatsoever between the parties until plaintiff requested default on June 10, 2011.

Once default was entered, defendants diligently acted to set aside the default. They promptly sought and obtained new counsel by July 26, and immediately requested on July 28 that plaintiff stipulate to set aside the default. When plaintiff refused, they filed the instant motion *five* days later, setting the hearing on the court's first available law and motion date. Such diligence is wholly inconsistent with a finding that any delay was willful,

6

deliberate or in bad faith. <u>Laurino v. Syringa Gen. Hosp.</u>, 279 F.3d 750, 753 (9th Cir. 2002) (holding that delay caused by the party's efforts to retain new counsel was not culpable conduct, thus reversing district court's denial of motion to set aside order of dismissal under Rule 60(b)); <u>Williams v. Dawley</u>, No. 08-799 FCD/EFB, 2008 WL 3540360 *2 (E.D. Cal. Aug. 12, 2008) (holding parties' diligence in working to set aside default supported a finding of good cause).

Because the record is devoid of any evidence that defendants intentionally failed to respond to plaintiff's amended complaint, the first factor weighs in favor of finding good cause to set aside the entry of default.

As to the second factor, the burden on a defendant to show a meritorious defense is "not extraordinarily heavy." <u>Mesle</u>, 615 F.3d at 1094. A defendant must only allege facts that if true would provide a valid defense; the truth of the allegations is not determined at the time the court rules on the motion to set aside default. <u>Falk</u>, 739 F.2d at 463; <u>Tri-Continental Leasing Corp. v. Zimmerman</u>, 485 F. Supp. 495, 497 (N.D. Cal. 1980) (recognizing that defaulting defendants need only produce "competent evidence that establishes a factual or legal basis for the tendered defenses").

Here, through the declarations of defendants Troy Stafford ("Stafford") (Docket #38-3) and Patrick Williams ("Williams") (Docket #38-4) and defendants' previous counsel Richard Gallagher (Docket #38-2), defendants proffer evidence to support jurisdictional defenses to the action, including that the court lacks personal jurisdiction over defendants, or alternatively,

that the court lacks subject matter jurisdiction as neither diversity or federal question jurisdiction is present.  More specifically, Stafford and Williams allege facts showing that they do not have sufficient contacts, if any at all, with California, thus, providing a basis for a personal jurisdiction defense.  (Stafford Decl., ¶ 6; Williams Decl., ¶ 5.)  Alternatively, defendants argue, through their counsel, that plaintiff's sole federal claim under RICO fails as a matter of law, and/or the minimum jurisdictional amount for diversity jurisdiction is not met as plaintiff seeks general damages only in the amount of $45,000.  (Gallagher Decl., ¶s 3-4.)

In addition to these legal defenses, defendants also allege complete factual defenses to plaintiff's claims; namely, that they neither stole nor improperly benefitted from plaintiff's $40,000 investment.  (Stafford Decl., ¶ 7; Williams Decl., ¶ 6.)  Contrary to plaintiff's argument, defendants' offer to return the investment does not constitute a concession that there was any wrongdoing, but rather as Stafford attests. is simply evidence of defendants' attempt to resolve this dispute without litigation.  (Stafford Decl., ¶ 8.)

Because defendants have demonstrated that permitting this case to go forward is not a worthless exercise, they have met their burden under the second factor as well.

Finally, plaintiff will not be prejudiced if defendants' motion is granted.  A motion to set aside default should only be denied based on prejudice where a plaintiff's ability to pursue his claim would be hindered by granting the motion.  TCI Group, 244 F.3d at 701.  Thus, a plaintiff must suffer some greater harm

than simply having resolution of the case delayed.  Mesle, 615 F.3d at 1095; Bateman, 231 F.3d at 1225 (recognizing that even delay that causes deadlines to change is insufficient to justify denying a motion to set aside default).  Delay is prejudicial only where it causes "tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion."  TCI Group, 244 F.3d at 701.

Here, plaintiff argues that he will be prejudiced because he will "be forced to defend unmeritorious jurisdictional attacks, among other anticipated motions, further incur extremely burdensome costs, and wait even longer to obtain a judgment." (Opp'n, filed Aug. 19, 2011, at 11.)  However, each of these alleged prejudices are the costs and burdens attendant to any litigation and do not provide a basis to deny defendants' motion. TCI Group, 244 F.3d at 701 (recognizing that "[a] default judgment gives the plaintiff something of a windfall by sparing her from litigating the merits of her claims because of her opponent's failure to respond; vacating the default merely restores the parties to an even footing in the litigation").

Plaintiff has not demonstrated that his ability to pursue his claims would be hindered if default were to be set aside. Indeed, the court has yet to issue a Scheduling Order in this case, setting any court ordered deadlines such as the close of discovery or motion deadlines.  To the extent plaintiff suggests that the time spent and costs incurred during the parties' settlement efforts constitutes prejudice, he does not establish that those efforts hindered his ability to pursue this case in any way.  While it is unfortunate that the parties could not

reach a private settlement of the action, plaintiff's case was not prejudiced by the parties' inability to reach a compromise. Instead, plaintiff must now prove his claims and defendants will defend them, just as any other plaintiff and defendant in a civil lawsuit.

Each of the three good cause factors weighs in favor of granting defendants' motion, and therefore, the court will set aside the defaults.

## CONCLUSION

For the foregoing reasons, defendants' motion to set aside entry of default, entered June 14, 2011 (Docket #36), is HEREBY GRANTED.  The Clerk of the Court is directed to set aside the defaults.  Defendants shall file and serve their response to plaintiffs' first amended complaint within 10 days of the date of this order.

IT IS SO ORDERED.

DATED: September 6, 2011

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE